



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 10, 2019

Seth P. Berman, Esq.
Nutter McClennen and Fish LLP
155 Seaport Blvd.
Boston, MA 02210

Kate Corrigan, Esq.
Corrigan Welbourn & Stokke. APLC
4100 Newport Place, Suite 550
Newport Beach, CA. 92660

Jeremy N. Goldman, Esq.
Law Offices of Jeremy N. Goldman
19200 Von Karman Avenue, Suite 300
Irvine, CA 92612

    Re:    <u>United States v. Jeffrey Bizzack</u>

Dear Mr. Berman, Ms. Corrigan and Mr. Goldman:

    The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Jeffrey M. Bizzack ("Defendant"), agree as follows pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

    No later than August 15, 2019, Defendant will waive Indictment and plead guilty to Count One of the Information charging him with conspiracy to commit mail fraud and honest services mail fraud, in violation of Title 18, United States Code, Section 1349. Defendant admits that he committed the crime specified in that count and is in fact guilty of that crime. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information. Defendant agrees not to dispute the accuracy of the facts alleged in the Information.

The U.S. Attorney agrees not to charge Defendant with further criminal offenses based on the conduct underlying the crime charged in this case that is known to the U.S. Attorney at this time.

2. <u>Penalties</u>

Defendant faces the following maximum penalties: incarceration for 20 years; supervised release for three years; a fine of $250,000, or twice the gross gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 15:

a) Defendant's base offense level is 8 because the offense of conviction includes conspiracy to commit honest services mail fraud (USSG § 2B4.1(a));

b) Defendant's offense level is increased by 10, because the value of the bribe is more than $150,000 but not more than $250,000 (USSG §§ 2B4.1(b)(1)(B), 2B1.1(b)(1)(F)); and,

c) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for his crime (USSG § 3E1.1(b)).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant does not clearly accept responsibility for the crime he is pleading guilty to committing; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

    a) a term of imprisonment of 9 months;

    b) a fine or other financial penalty of $75,000;

    c) 12 months of supervised release;

    d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) restitution in an amount to be determined by the Court at sentencing; and
    f) forfeiture as set forth in Paragraph 6.

In addition, the parties agree jointly to recommend the following special condition of any term of supervised release or probation:

During the period of supervised release or probation, Defendant must, within six months of sentencing or release from custody, whichever is later:

    a) cooperate with the Examination and Collection Divisions of the IRS;

    b) provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

    c) provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

    d) file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

    e) make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that

his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) He will not challenge any prison sentence of 24 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

c) The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 9 months or more.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor engaged in misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charge specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Eric S. Rosen.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: *[signature]*

STEPHEN E. FRANK
Chief, Securities and Financial Fraud Unit
JORDI DE LLANO
Deputy Chief, Securities and Financial Fraud Unit

*[signature]*

ERIC S. ROSEN
JUSTIN D. O'CONNELL
LESLIE A. WRIGHT
KRISTEN A. KEARNEY
Assistant U.S. Attorneys

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorneys. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyers and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyers have given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement, and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
Jeffrey M. Bizzack
Defendant

Date: 6-26-19

We certify that Jeffrey M. Bizzack has read this Agreement and that we have discussed what it means. We believe Jeffrey M. Bizzack understands the Agreement and is entering into it freely, voluntarily, and knowingly. We also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Seth P. Berman, Esq.
Kate Corrigan, Esq.
Jeremy N. Goldman, Esq.
Attorneys for Defendant

Date: 6/26/19

7